# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DESOTO HEALTH & REHAB, L.L.C., a Florida
limited liability company,

            Plaintiff,

-vs-                                            Case No. 2:09-cv-599-FtM-99SPC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation doing
business as Philadelphia Insurance Companies,

            Defendant.

_____

## ORDER

The matter comes before the Court on the Plaintiff's Motion to Compel Answers to Interrogatories in Response to Plaintiff's First Interrogatories dated December 14, 2009 and Incorporated Memorandum of Law (Doc. #38) filed on April 26, 2010. The Defendant file its Response in Opposition to Compel Answers to Interrogatories in Response to Plaintiff's First Interrogatories dated December 14, 2009, and Incorporated Memorandum of Law (Doc. #44) filed on May 14, 2010. The Motion is now ripe for the Court's review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order

to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

### *(1) Interrogatories*

The Plaintiff initially objects to the Defendant,s general objections to the various interrogatories. General Objection number 2 applies to interrogatories numbers 1, 8, 10, 11, 14, 16, and 17. General Objections 3 and 5 apply to interrogatories numbers 2, 8, 10, 11, 16, 17, and 18. General objection number 4 was applied to interrogatories numbers 2, 5, 8, 10, 11, 14, 17, and 18. General objection number 6 applied to interrogatories 2, 5, 8, 10, 11, 17, and 18. General objection number 7 was applied to interrogatories numbers 2, 5, 8, 10, 11, 14, and 18. "General or blanket objections should be used only when they apply to every [discovery request at issue.]" Jackson v. Geometrica, Inc., 2006 WL 213860 *1 (M.D. Fla. January 21, 2006) (citing M.D. Fla. Discovery Rule, pp. 11, 15). Otherwise, "[s]pecific objections should be matched to specific" interrogatories or requests for production. Jackson, 2006 WL 213860 at *1; Fed. R. Civ. P. 33(b) and 34(b). Additionally, "[w]hen ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. Jackson, 2006 WL 213860 at *1. Thus, objections that are simply made as general blanket objections will be overruled by the Court.

The Defendant objects to the Plaintiff's use of the words "you" and "yours" as defined in the instructions and definitions in the Plaintiff's requests for production. As defined by the Plaintiff "you" or "yours" are defined as "the person to whom these requests are addressed including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners or agents and all other persons acting or purporting to act on its behalf as well as each

partnership in which it is a partner." The Defendant states the definitions are too broad in their scope making the request impossible to fulfill. The definition while broad is still subject to the requirements of the Federal Rules which require that the Defendant only produce the materials that are in their custody and control. Documents are deemed to be in a parties custody and control if the party has actual possession, custody, control or the legal right to obtain the documents on demand. *See* Steven Baicker-McKee, William M. Janssen, and John B. Corr, <u>Federal Civil Rules Handbook</u>, 841 (West, 2010). Thus, the Defendant's objection to the definition of the words "you" or "yours" is due to be denied but production is limited to constraints imposed by the Federal Rules.

The Defendant also objected to the definitions provided in the general instructions to the words "document" and "claim." The definition of "document" includes any and all drafts, alterations and modifications, changes and amendments. The Defendant objects stating that the definition of document is artificial and "wholly unworkable and almost infinitely expansive in scope." As drafted the word document is overbroad. While drafts of documents are discoverable, the definition of document as included here is overbroad and the Court will define the term as the final document.

The word "claim" is disputed by the Defendant because the Plaintiff has made two separate claims and the Defendant does not know if "claim" refers to the first, second, or both of the Plaintiff's claims. For the purposes of this Motion, the Court considers "claim" to be all inclusive of all claims pending before the Court in this specific action.

Interrogatory number 1 requests the identities of all persons the Defendant is expected to call to testify at the time of the trial. The Plaintiff objects to a violation of the attorney client privilege. However, a potential witness list is not a violation of the privilege and the identities are due to be

disclosed. The initial list is not a closed set and under the Federal Rules the potential list may certainly include more names as the discovery process progresses.

Interrogatory number 2 asks for the names of the individuals involved in the Plaintiff's claim and a brief description of the individuals responsibilities. The Defendant objects that claim is not defined and therefore, the interrogatory is vague. However, the Court has provided clarification for the term claim, therefore, the interrogatory must be answered under that definition.

Interrogatory number 3 asks for a description of any investigative steps the Defendant may have performed in investigating the claim other than the information provided in the claims file. The Defendant states investigative steps is undefined and therefore, the interrogatory is undefined and indefinite. The interrogatory clearly asks for what steps the Defendant may have taken other than the investigations reported in the claims file. As such, the term is not overbroad nor undefined or indefinite. The Defendant's objections are overruled and the interrogatory is due to be answered.

Interrogatory number 4 asks the Plaintiff to provide the dates, authors, and results for any estimates, appraisals, engineering, model and other reports generated as a result of the Defendants investigation. The Plaintiff acknowledged that the Defendant identified the reports, therefore, the Court does not see any reason to grant the motion to compel an answer to interrogatory number 4.

Interrogatory number 5 requests the Defendant to state when it received notice of the claim and timing of the payment and any forms of information the Defendant would deem necessary for the claimant/Plaintiff to produce. The Defendant objected arguing the word claim was not defined and therefore, the interrogatory could not be answered. The Defendant's answer is not well taken. The Court has defined the word "claim" and the Defendant must answer the interrogatory in light of that definition.

Interrogatory number 8 requests the Defendant to identify its written procedures or policies it maintains for the its internal or third party adjusters to use in connection with handling commercial property and windstorm claims. The Defendant objected claiming that the information was protected trade secret information, and further that the interrogatory is an attempt to establish a bad faith claim. The Defendant's objection is not well taken. The policy and procedures used to determine the claim are relevant under Fed. R. Civ. P. 26, and therefore, the interrogatory number 8 is due to be answered.

Interrogatory number 10 asks the Defendant for the documents, from October 1, 2003, to the present which are routinely generated during the course of the investigation and handling of a commercial or windstorm claim. The Defendant objects arguing the request attempts to establish a claim for bad faith and that the request is not relevant to the breach of contract claim. The Defendant's objection is well taken. The information appears relevant to a bad faith claim in that it seeks information related to claims and business practices outside the scope of the instant breach of contract claim. The Motion is therefore due to be denied as to interrogatory number 10.

Interrogatory number 11 requests the Defendant to describe and identify, as to what, when, and why any documents related to the Defendant's claim have been destroyed or disposed of. The Defendant answered that none were known to have been destroyed. Thus, the Motion is due to be denied as to interrogatory number 11.

Interrogatory number 12 asks the Defendant to establish the factual basis for any contention that any act on the part of the Plaintiff voided, nullified, waived or breached the insurance policy, and interrogatory 13 asks the Defendant to state the basis for any precedent act or omission the Plaintiff may have committed that voided, nullified, waived or breached the insurance policy in any

way. The Defendant objected arguing that the requests are premature pending the Motion to Dismiss being ruled upon by the Court. The Defendant's objection is not well taken. The information is relevant to the instant claim and discovery has not been stayed pending a ruling on the motion to dismiss. Thus, the Motion to Compel an answer to interrogatory numbers 12 and 13 is due to be granted.

Interrogatory number 14 asks the Defendant to describe what performance measures are used to determine any bonus or incentive plan for adjusters. The request goes to the a bad faith claim which is not ripe at this point in the proceedings. The request is due to be denied.

Interrogatory number 16 asks for the name and addresses of all persons known by the Defendant that has knowledge concerning the facts alleged in the complaint and describe how such persons obtain such knowledge and summarize the knowledge of each person identified. The Defendant states the interrogatory is overbroad and the requested disclosure is privileged information protected by the work product doctrine. The Defendant's objection is not well grounded. To the extent that the information is privileged, the Court will allow the Defendants the opportunity to file a complete privilege log that complies with the standards required by the Federal and Local Rules of the Middle District of Florida. Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3. More specifically, a proper privilege log should contain the following information:

    (1) the name and job title or capacity of the author of the document;
    (2) the name and job title or capacity of each recipient of the document;
    (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
    (4) the title and description of the document;
    (5) the subject matter addressed in the document;

    (6) the purpose(s) for which it was prepared or communicated; and
    (7) the specific basis for the claim that it is privileged.

*See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log). Otherwise, the Defendant's objection is overruled and the Motion to Compel interrogatory number 16 is due to be granted.

Interrogatory number 17 requests the name and address of each person known to you, your agents or your attorneys, who has knowledge about this action, possession or control of any document, model, drawing, motion picture, videotape, or photograph pertaining to any factor or issue involved in this controversy; and describe as to each, what items such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared. Again the Defendant objects asserting that the interrogatory is overbroad, ambiguous and the information privileged material protected by the work product doctrine. As noted above the Defendant may produce the privilege log for the information it deems to be protected work product. Nevertheless, the information sought is relevant to the breach of contract claim and the answer to the interrogatory 17 is otherwise due to be compelled.

Interrogatory number 18 asks the Defendant if it has ever been a party to a law suit involving windstorm damage in Florida from October 1, 2003, to the present and if so state whether you were the plaintiff or defendant, the nature of the action and the date and court in which the suit was filed. The Defendant objects arguing the request is overbroad and further that the requests could impact the privacy interest of other un-related parties and/or entities not before the Court. The Plaintiff fails to demonstrate how the information gathered from interrogatory 18 is relevant to the instant breach of contract claim and Motion is therefore, due to be denied regarding interrogatory 18.

Accordingly, it is now

**ORDERED:**

The Plaintiff's Motion to Compel Answers to Interrogatories in Response to Plaintiff's First Interrogatories dated December 14, 2009 and Incorporated Memorandum of Law (Doc. #38) is **GRANTED in part and DENIED in part.**

(1) The Plaintiff's Motion to Compel Answers to Interrogatories numbers 1, 2, 3, 4, 5, 8, 12, 13, 16, and 17 is **GRANTED**.

(2) The Plaintiff's Motion to Compel Answers to Interrogatories numbers 10, 11, 14, and 18 is **DENIED**.

(3) The Defendant has up to and including **June 30, 2010**, to provide full and complete answers and/or a full and proper privilege log.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record