UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESOTO HEALTH & REHAB, L.L.C., a Florida
limited liability company,

                Plaintiff,

-vs-                                              Case No. 2:09-cv-599-FtM-99SPC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation doing
business as Philadelphia Insurance Companies,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents In Response to Plaintiff's First Request for Production Dated December 14, 2009 and Incorporated Memorandum of Law (Doc. # 37) filed on April 26, 2010. The Defendant filed its Response in Opposition to the Motion to Compel Production of Documents in Response to Plaintiff's First Request for Production dated December 14, 2009 and Incorporated Memorandum of Law (Doc. #43) on May 14, 2010. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). If the serving party does not receive a response to their request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff moves to compel production of documents initially requested on December 14, 2009. The Defendant filed its production, over 800,000 pages of documents, and objections on February 26, 2010. The Plaintiff argues that the Defendant failed to produce all of the documents responsive to the requests and now moves the Court to Compel the complete production. The Defendant argues that the production requests are really just a fishing expedition attempting to establish a bad faith claim.

The Plaintiff objects to the Defendant's general objections stating that general objections filed in response to discovery requests should not be considered by the Court. "General or blanket objections should be used only when they apply to every [discovery request at issue.]" Jackson v. Geometrica, Inc., 2006 WL 213860 *1 (M.D. Fla. January 21, 2006) (citing M.D. Fla. Discovery Rule, pp. 11, 15). Otherwise, "[s]pecific objections should be matched to specific" interrogatories or requests for production. Jackson, 2006 WL 213860 at *1; Fed. R. Civ. P. 33(b) and 34(b). Additionally, "[w]hen ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. Jackson, 2006 WL 213860 at *1. Thus, objections that are simply made as general blanket objections will be overruled by the Court, with the exception of general objection number 2 which applies to privileged information.

The Defendant's general objection number 2, applies to requests numbers 4, 11, 12, 14-18, 24, 25, 30, 33-41, and 43-50. To the extent that general objection 2 applies to privileged information, the Court will allow the Defendants the opportunity to file a complete privilege log that complies with the standards required by the Federal Rules and the Middle District of Florida. Typically, the privilege log will identify each document and the individuals who were parties to the

communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3. More specifically, a proper privilege log should contain the following information:

> (1) the name and job title or capacity of the author of the document;
> (2) the name and job title or capacity of each recipient of the document;
> (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
> (4) the title and description of the document;
> (5) the subject matter addressed in the document;
> (6) the purpose(s) for which it was prepared or communicated; and
> (7) the specific basis for the claim that it is privileged.

*See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log). Otherwise general objection number 2 is overruled.

The Defendant objects to the Plaintiff's use of the words "you" and "yours" as defined in the instructions and definitions in the Plaintiff's requests for production. As defined by the Plaintiff "you" or "yours" are defined as "the person to whom these requests are addressed including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners or agents and all other persons acting or purporting to act on its behalf as well as each partnership in which it is a partner." The Defendant states the definitions are too broad in their scope making the request impossible to fulfill. The definition while broad is still subject to the requirements of the Federal Rules which require that the Defendant only produce the materials that are in their custody and control. Documents are deemed to be in a parties custody and control if the party has actual possession, custody, control or the legal right to obtain the documents on demand. *See* Steven Baicker-McKee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook,

841 (West, 2010). Thus, the Defendant's objection to the definition of the words "you" or "yours" is due to be denied but production is limited to constraints imposed by the Federal Rules.

The Plaintiff's requests seek the claims file and all other materials related to the claim and anyone who actually was either consulted, worked on the file, or communicated, including all forms of correspondence electronic, written, recorded, video tapes of the scene, photos, or otherwise any reports and or communications related to the claim, with the Defendant in regards to the Plaintiff's claim.

Request number 1, requests the Plaintiff's claim file from the home, regional, and local offices, as well as third party adjusters/adjusting firms regarding the claim including copies of the file jackets, field files and notes, and drafts of documents contained in the file. The issue in this case remains the amount of coverage owed on the repairs from hurricanes Charlie, Frances, and Jean. Thus, the Defendant argues that the claims file is not relevant at this point in the proceedings. The Defendant argues that the claims file pertains to a bad faith claim and is not relevant as long as the breach of contract and coverage claims remain at issue. Federal Courts in Florida have held that the claims files are discoverable and relevant in a breach of contract claim even before the Plaintiff either brings a bad faith claim or prior to the bad faith claim being ripe. Milinazzo v. State Farm Insurance, Co., 247 F.R.D 691, 696 (S.D. Fla. 2007)(holding that documents in a claims file were discoverable and that documents to the investigation, processing, analysis and ultimate denial of the Plaintiff's claim are relevant to the extent they relate to the Plaintiff's breach of contract claim even when the bad faith claim is not yet ripe). Thus, the claims file is relevant at this point in the proceedings and is due to be produced.

Request number 4 seeks the electronic diary, including notes made electronically and on paper made by the Defendants claims personnel, contractors and third party adjusters/ adjusting the claim. The Defendant objects claiming the work product privilege and/or attorney client privilege. Otherwise, the Defendant states it will produce the information. The Defendant's objection is well taken and the Defendant needs to produce a privilege log in compliance with the above listed criteria for a proper privilege log. Regarding the Plaintiff's claim that the information was produced in large stacks with colored pages in between but not separated into the answers to the requests for production, the files need only be produced as they are normally kept. Doe v. District of Columbia, 231 F.R.D. 27, 36-37 (D.D.C. 2005). The Defendant states the files were produced as they would normally be kept. Therefore, request number 4 is due to be denied.

The Defendant objects to the requests stating that the correspondence between the Defendant and whoever could be protected and/or confidential materials are irrelevant and overbroad. The requests are related to this claim file and are relevant to the instant claim and must be produced. However, the request are limited to the instant claim. Any information from the requested sources that is not related to this action is not relevant and does not have to be produced.

Requests numbers 11, 12, 14, 15, 16, 17, 18, 35, 37, 38, 39, 45, 46, 47, 48, 49, and 50 seek information related to the reports filed by the adjustors, engineers, plumbers, roofers, as well as the field notes made by individuals , videos, recordings, and contracts between the Defendant and the adjustor services. The Defendant objects arguing that the information sought is related to a claim of bad faith and therefore, not relevant at this point in the proceedings. The information pertaining to the actual damages found in requests numbers 11, 12, 14, 15, 16, 18, 45, and 49 directly relates to the actual damages that occurred and documentation that relates to processing, analysis, and denial

of a claim are relevant to the breach of contract claim. Consequently, requests numbers 11, 12, 14, 15, 16, 18, 45, and 49 are due to be granted.

Requests numbered 17, 35, 37, 38, 39, 46, 47, 48, and 50 are broad general requests for production of all correspondence, contracts, and contacts between the Defendant and other third parties that may have worked the claim including interoffice memos, logs reports, notices, statutory notices, letters, facsimiles, statements received, or complied, and telephone diaries. The correspondence, contracts, memos, and diaries, are more closely related to a bad faith claim, and therefore, the Defendant argues they are not ripe for discovery while the breach of contract claim is still in dispute. The Defendant's objection is well taken. The information requested is generally non-discoverable in breach of contract claims. Buckerly Towers Condominium, Inc. v. QBE Insurance Corp., 2008 WL 2645680 * 5 (S.D. Fla. June 26, 2008). Thus, the request are due to be denied.

The Plaintiff also requests documents related to the underwriting files and personal files of all of the adjustors and company officials that worked on this claim. Requests numbered 2, 5, 6, 7, 8, 9, 10, 19, 20, and 22, requests policy and procedural guidelines manuals, procedural and pricing guidelines, and training materials. The Defendant objects arguing that the documents sought pertain to a bad faith claim and not a breach of contract action. However, contrary to the Defendant's position manuals and guidelines for interpreting policy provisions are relevant to a breach of contract counterclaim. Geico Casualty Co. v. Beauford, 2006 WL 4774798 * 1 (M.D. Fla. August 22, 2006)(citing Auto Owners Insurance Co. v. Totaltape, Inc., 135 F.R.D. 199, 203 n. 4 (M.D. Fla. 1990)). However, underwriting files for insureds are not discoverable, even though they are not privileged, because they are irrelevant to a claim for breach of contract. . Milinazzo, 247 F.R.D at

702. The Motion to compel underwriting files requested in request for production number 2 is due to be denied, but the Motion to Compel requests 5, 6, 7, 8, 9, 10, 19, 20, and 22 is due to be granted.

The Plaintiff also seeks request number 31 any complaint logs kept by the Defendant of windstorm or commercial property complaints from October 1, 2003, to the present date, and in Request number 32, a copy of the Defendant's approved list of engineers and third party adjustors and adjusting companies, roofers and contractors for windstorm damage or commercial property damage since October 1, 2003. Requests 31 and 32 are due to be denied as they are not relevant to the instant claim for breach of contract and therefore due to be denied.

The Plaintiff further moves the Court in a related group of production requests starting with number 23 for any pay sheets used to track payments on the claim including all indemnity, claim expenses and to payments to third parties. Request number 24 seeks the billing statement including billing detail of any independent adjusters and engineers. Request number 33 seeks any contracts with third party adjusting companies. The Plaintiff's request number 34 asks for any statements orders instructions directives observations or memoranda or any other documentation that was prepared by the Defendant and in any way relates to the claim. Request 36 asks for any contracts or correspondence between the Defendant and Patterson and CJW relating to the furnishing of claims service. Finally request 44 asks for the production of all statements, orders, instructions, directives, observations, or memoranda, or any other document prepared by the Defendant or Defendant's agent or representative whether drafted or requested that in any way effect or relate to this claim.

In this instance, 23, 24, 33, 34, 36, and 44 all seek correspondence and contracts with the third party adjusters is generally non-discoverable in breach of contract claims. Buckley Towers

Condominium, Inc. v. QBE Insurance Corp., 2008 WL 2645680 * 5 (S.D. Fla. June 26, 2008). Thus, the Motion to Compel is due to be denied at this point in the proceedings.

The fourth comparative group of requests for production of documents related to the payments made to the Plaintiff for the claim. Requests number 40 asks for all correspondence between the Plaintiff and the Defendant relating to the claim. Request number 41 seeks all accounting records related to the claim. Request 43 seeks all documents relied upon by the Defendant to calculate any payment to Plaintiff on the claim. The Defendant objected stating that the correspondence and accounting records were already in the Plaintiff's possession. The Plaintiff argues that neither party knows if the documents are in the possession of the Plaintiff. The documents are directly related to the claim and therefore they should be produced. Thus, the Plaintiff's request to produce numbers 40, 41, and 43 is due to be granted.

The Defendant also objects to the production of the personal files and bonus and payment records of its employees and third party adjustors as requested in requests for production numbers 26, 27, and 28. Personal files of the individuals who worked on the claim are not relevant to a breach of contract claim but are applicable to a bad faith claim. Thus, the personal files should not be produced pending the ripeness of a claim for bad faith.

Accordingly, it is now

**ORDERED:**

The Plaintiff's Motion to Compel Production of Documents In Response to Plaintiff's First Request for Production Dated December 14, 2009 and Incorporated Memorandum of Law (Doc. # 37) is **GRANTED in part and DENIED in part**.

(1) The Plaintiff's Motion to Compel Production of request number 1, the Plaintiff's claim file from the home, regional, and local offices, as well as third party adjusters/adjusting firms regarding the claim including copies of the file jackets, field files and notes, and drafts of documents contained in the file is **GRANTED**.

(2) The Plaintiff's Motion to Compel Production of request number 4 seeks the electronic diary, including notes made electronically and on paper made by the Defendants claims personnel, contractors and third party adjusters/ adjusting the claim is **DENIED.**

(3) The Plaintiff's Motion to Compel Production of requests for production numbers 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 18, 19, 20, 22, 40, 41, 43, 45, and 49 is **GRANTED.**

(4) The Plaintiff's Motion to Compel Production of Requests numbered 2, 17, 23, 24, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 44, 46, 47, 48, and 50 is **DENIED**.

(5) The Defendant has up to and including **July 1, 2010**, to produce the requested documents in accord with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_10th\_\_ day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record