UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESOTO HEALTH & REHAB, L.L.C., a Florida
limited liability company,

           Plaintiff,

-vs-                                Case No.  2:09-cv-599-FtM-99SPC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation doing
business as Philadelphia Insurance Companies,

           Defendant.

_____

**ORDER**

This matter comes before the Court on Philadelphia's Objection and Motion to Quash Subpoena Served Upon Cramer, Johnson, Wiggins & Assoc., Inc. d/b/a CJW and Assoc. (Doc. #76), Philadelphia's Objection and Motion to Quash Subpoena Served Upon Kim & Wright, P.C. (Doc. #77) and Philadelphia's Objection and Motion to Quash Subpoena Served Upon National NNL Group, Inc. d/b/a Nat. Ins. Svcs; Nat. Ins. Svcs, Inc.; Nat. Const. Svcs, Nat. Const. Svcs, Inc., and Peter Bookholt (Doc. #78) filed on September 13, 2010.  Responses in Opposition these Motions (Docs. #79, 80, 81) were filed on September 27, 2010.  The Motions are now ripe for review.

On or about September 1, 2010, Plaintiff DeSoto Health served a document subpoena on CJW (Defendant's third-party adjuster) requesting production of 41 categories of documents; on Kim & Wright, P.C. (Defendant's expert/accountant) requesting production of 29 categories of documents; and on NIS and Bookholt requiring production of 42 categories of documents.  All of these entities are non-parties.

The Court notes at the outset that it issued an Order on June 10, 2010, granting in part and denying in part Plaintiff's Motion to Compel Production of Documents (Doc. #53). Defendant now moves to quash the non-party subpoenas on the grounds that many of the requests made on the non-parties are the same requests that the Court denied in its June 10 Order. In other words, DeSoto is now attempting to obtain directly from these non-parties what the Court would not allow it to obtain from Philadelphia Indemnity. On June 30, 2010, Defendant filed a Federal Rule 72(a) notice of objections and appeal of the undersigned's June 10 Order to the District Court. The District Court has not yet rendered a decision on the objections.

Pursuant to the Federal Rules, a subpoena shall be quashed and/or modified if it: fails to allow reasonable time for compliance; requires a nonparty to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person; requires the disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

The Court agrees that the subpoena requests at issue in the instant Motions are for the most part word-for-word recitations of DeSoto's Request for Production dated December 14, 2009 that the Court ruled on in its June 10 Order. In that Order, the Court denied Plaintiff's Motion to Compel production of some of the document requests and granted others. The Court rules now on the instant Motions in accordance with its findings in its June 10, 2010 Order. To the extent that the subpoenaed items request the same documentation from the non-parties as was denied in this Court's June Order and requested in Plaintiff's December 14, 2009 Request for Production, the Court quashes the subpoena request. Likewise, if the Court granted the motion to compel the document request in its June Order, the subpoena request is not quashed. With respect to the subpoena directed to CJW and

Associates, Plaintiff conceded as much in its correspondence with Defendant, stating that "we will, nonetheless, agree that CJW and Assoc. does not have to produce any documents which the magistrate did not require Philadelphia Indemnity to produce." (Doc. #76-1).

Accordingly, it is now

**ORDERED:**

(1) Philadelphia's Objection and Motion to Quash Subpoena Served Upon Cramer, Johnson, Wiggins & Assoc., Inc. d/b/a CJW and Assoc. (Doc. #76) is **GRANTED in part**. The subpoena requests are quashed to the extent the Court denied the same request in its June 10, 2010 Order (Doc. #53).

(2) Philadelphia's Objection and Motion to Quash Subpoena Served Upon Kim & Wright, P.C. (Doc. #77) is **GRANTED in part**. The subpoena requests are quashed to the extent the Court denied the same request in its June 10, 2010 Order (Doc. #53).

(3) Philadelphia's Objection and Motion to Quash Subpoena Served Upon National NNL Group, Inc. d/b/a Nat. Ins. Svcs; Nat. Ins. Svcs, Inc.; Nat. Const. Svcs, Nat. Const. Svcs, Inc., and Peter Bookholt (Doc. #78) is **GRANTED in part**. The subpoena requests are quashed to the extent the Court denied the same request in its June 10, 2010 Order (Doc. #53).

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of October, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record