**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DESOTO HEALTH & REHAB, L.L.C.,
a Florida limited liability company,

                Plaintiff,

-vs-                                            Case No.   2:09-cv-599-FtM-99SPC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation doing
business as Philadelphia Insurance Companies,

                Defendant.
_____

**ORDER**

      This matter comes before the Court on Defendant's Motion to Compel Production of Documents in Response to Defendant's Request for Production of Documents to Plaintiff, Dated March 26, 2010 (Doc. #92) filed on October 11, 2010.  On March 26, 2010, Defendant, Philadelphia Indemnity, served its First Request for Production of Documents to Plaintiff, DeSoto Health & Rehab, L.L.C.  On April 28, 2010, Plaintiff served their Response to Defendant's First Request for Production where Plaintiff objected to producing the documents requested in Requests #27 and #28.  The Motion before this Court seeks to compel productions of the documents requested in Requests #27 and #28.  Plaintiff filed its response to this Motion to compel on October 26, 2010, and a hearing was held on this matter on November 19, 2010, therefore this Motion is ripe for review.

**Discussion**

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial. Id. However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's

exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

### *(1) Whether Defendant Waived Privilege Claims*

The Defendant asserts that all claims of privilege must be deemed waived due to Plaintiff's failure to provide a privilege log. The Plaintiff argues that both sides agreed to not produce privilege logs; therefore, Defendant's motion should be denied. When a party withholds information, otherwise discoverable, by claiming privilege or work product, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A). This must be done so the other party may assess the claim of privilege. Id. This disclosure is done in the form of a privilege log.[1] "Failure to provide a privilege log does not result in an automatic waiver of the privilege." Pitts v. Francis, 2008 U.S. Dist. Lexis 41894 at *13 (N.D. Fla. May 28, 2008).

Here, Plaintiff failed to comply with Federal Rule of Civil Procedure 26(b)(5)(B) because it asserted a claim of privilege without providing a privilege log, or any other support for the claim of privilege. Plaintiff admits to not filing a privilege log, but asserts no privilege log was filed because "counsel for the parties agreed that they would not require each other to include in a privilege log a list of communications between clients and their attorneys." (Doc. #103 at 4). However, the agreement between the parties invalidates the Defendant's claim that Plaintiff has waived their privileges. Agreements, such as the above, are not controlling on this Court as the

---

[1] For the requirements of a privilege log see Pitts v. Francis, 2008 U.S. Dist. Lexis 41894 at *13 (N.D. Fla. May 28, 2008) ("To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery." (citing Universal City Dev. Partners, Ltd. V. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005)).

requirement to file privilege logs is not only for the parties, but also for the Court to use in evaluating the sufficiency of a privilege claim. Therefore, the Plaintiff is still required, by this Court, to complete privilege logs, by **December 10, 2010**, for all documents, communications, and tangible things not produced due to a claim of attorney/client privilege, work product, or other privilege. This applies to any applicable documents, communications, and tangible things irrespective of any additional Court findings or orders below.

### *(2) Defendant's First Request for Production Numbers 27 and 28*

The Defendant moves the Court to Compel Plaintiff to answer request Nos. 27 and 28 of Defendants First Request for Production. Production request No. 27 reads:

> **Any and all case disbursements, employee time sheets, payroll records and payroll tax returns for the Leesburg facility to which patients were transferred from Desoto Health, for the period of the transfer.**

Plaintiff's response to production request No. 27 reads:

> Plaintiff objects to paragraph 27 which calls for the production of proprietary business records of a third party which are not subject to production under Fed. R. Civ. P. 34. Plaintiff further objects to paragraph 27 as being annoying, oppressive ad calling for the production of documents that are not calculated to lead to the discovery of admissible evidence.

Production request No. 28 reads:

> **Any and all financial records of the Leesburg facility to which patients were transferred from DeSoto Health, for the period of the transfer.**

Plaintiff's response to production request No. 28 reads:

> Plaintiff objects to paragraph 28 which calls for the production of proprietary business records of a third party which are not subject to production under Fed. R. Civ. P. 34. Plaintiff further objects to paragraph 28 as being annoying, oppressive and calling for the production of documents that are not calculated to lead to the discovery of admissible evidence.

(Doc. #92 at 4–5).

Plaintiff's objections to request Nos. 27 and 28 are not well taken, but the Court finds some limitations are warranted. Both parties presented their arguments to the Court during a hearing on November 19, 2010. Through the motion and evidence presented at the hearing, the Court is not convinced that there is parent company common to both Plaintiff, DeSoto Health, and the non-party mentioned in the above requests, Leesburg Health. However, the Court believes there is a sufficient nexus between the parties to allow discovery of documents from Leesburg Health. The Defendant has made some showing that there is common ownership between the two health facilities. The owners and managing members of DeSoto Health are Philip Castleberg and Benjamin Castleberg. (Doc. #103 at 5). In Defendant's request for admissions, the Plaintiff admits in numbers 36, 37, and 38, that Philip and Benjamin Castleberg are the owners of Leesburg Health.[2] Furthermore, Benjamin Castleberg manages the day-to-day operations of the Plaintiff, while his father, Philip Castleberg, manages the day-to-day operations of Leesberg Health. (Doc. #103-2).

In consideration of the above and the evidence presented at the hearing, the Court finds that the documents requested are discoverable, despite being in the physical possession of a non-party. Requests to produce can be directed at any document or thing in the possession, custody, or control of the opposing party. Fed. R. Civ. P. 26(b), 34. Control is defined as a "party's legal

---

[2]  The specific requests for admission by the Defendant were as follows:
    36. Admit that Leesburg Health and Rehab, is owned by Philip Castleberg and Benjamin Castleberg.
    37. Admit that Leesburg Health and Rehab, is owned by Philip Castleberg.
    38. Admit that Leesburg Health and Rehab, is owned by Benjamin Castleberg.
(Doc. #92-1 at 23).
The response given by the Plaintiff were as follows:
    36. Admitted.
    37. Admitted.
    38. Admitted.
(Doc. #92-1 at 37).

5

right, authority, or practical ability to obtain the materials sought on demand."[3] In this case, the Court finds that the Plaintiff has the "practical ability to obtain the material sought on demand."[4] Based on the arguments presented at the November 19 hearing, the Court finds that cash disbursements, employee time sheets, payroll records, payroll tax returns, and all other financial records for the Leesburg facility are relevant, or would lead to discovery of relevant evidence. However, the scope of the request must be limited, when possible, to only the documents pertaining to the transferred patients. Documents pertaining to patients, other than those transferred from the DeSoto Health, need not be produced. Documents containing inseparable and indistinguishable information about both, patients transferred from DeSoto Health and all other patients, must be produced. As such, the Motion to Compel request Nos. 27-28 is due to be granted with the limitations set out above.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Compel Production of Documents in Response to Defendant's Request for Production of Documents to Plaintiff, Dated March 26, 2010 (Doc. #92) is **GRANTED** in part and **DENIED** in part.

(1) Defendant's request that all Plaintiff's claims of privilege be waived is **DENIED.**

    (a) Plaintiff is **ORDERED** to complete a privilege log for any and all outstanding privilege claims still being raised. The Privilege Log must be completed by **December 10, 2010.**

---

[3] In re Wright, 2005 WL 6488101 at *3 (N.D. Ga., Aug. 9, 2005); see Searock v. Stripling, 738 F.2d 650 (11th Cir. 1984); see also Fin. Bus. Equip. Solutions, Inc. v. Quality Data Systems, Inc., 2008 WL 4663277 at *2 (S.D. Fla. Oct. 21, 2008).

[4] See generally, Evenflo Co. Inc. v. Hantec Agents Ltd., 2006 WL 1580221 (S.D. Ohio June 5, 2006) (where the Court ordered the production of documents in the possession of related companies owned by the party's father).

(2) Defendant's Motion to Compel answers to request Nos. 27 and 28 of Defendant's Request for Production of Documents dated March 26, 2010 is **GRANTED** with the limitations outlined above.

    (a) Plaintiff must fully and completely produce materials, documents, or information requested in the abovementioned requests by **December 10, 2010**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of November, 2010.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record