UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESOTO HEALTH & REHAB, L.L.C.,
a Florida limited liability company,

                Plaintiff,

-vs-                                  Case No.  2:09-cv-599-FtM-99SPC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation doing
business as Philadelphia Insurance Companies,

                Defendant.
_____

## ORDER

This matter comes before the Court *sua sponte* upon review of the file on December 1, 2010.  As of this date, there are four pending motions before this Court, including two motions (Doc. #128 and #129) which were filed prior to the hearing on November 19, 2010.

At the November 19, 2010 hearing, both parties were ordered to meet and discuss the two pending motions (Doc. #128 and #129) not addressed at the hearing.  Both parties were ordered to make an attempt at resolving the motions in accordance and consistent with the rulings made during the hearing.  As of December 2, 2010, no responses have been filed to the pending motions, nor has there been any indication to this Court that any attempts to resolve these motions have been made, or that the pending motions will be withdrawn.

The parties shall meet and confer, if they have not done so already.  Then the parties shall submit a status update to the Court, indicating their compliance with Local Rule 3.01(g) and any changes to the status of the pending motions.

Further, the Court will no longer entertain motions from either side without the parties <u>meeting and conferring</u> with the intent to resolve the disputed issue, prior to bringing it to court. As Rule 3.01(g) states:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. *<u>A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer</u>*. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

M.D. Local Rule 3.01(g) (emphasis added). The generic "Certificate of Good Faith Conference" along with attaching emails or letters will no longer be considered adequate to meet the Rule 3.01(g) requirement in this case. The parties are ordered to confer in person or telephonically in an attempt to resolve ALL future motions prior to their filing in this case. Failure to comply with this Order can and will result in sanctions.

Accordingly, it is now

**ORDERED**:

(1) Parties are ORDERED to submit a status update regarding the two pending motions (Doc. #128 and #129) by **December 6, 2010.** Specifically, the parties are to indicate whether or not they have complied with the directives given by the Court at the November 19, 2010 hearing.

(2) Parties are ORDERED to strictly comply with Rule 3.01(g) as directed above.

**DONE AND ORDERED** at Fort Myers, Florida, this  2nd day of December, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record