UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESOTO HEALTH & REHAB, L.L.C., a Florida
limited liability company,

                Plaintiff,

-vs-                                                                Case No. 2:09-cv-599-FtM-99SPC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation doing
business as Philadelphia Insurance Companies,

                Defendant.
_____

**ORDER**

       This matter comes before the Court on the Plaintiff DeSoto Health & Rehab, L.L.C.'s Second Motion to Compel Production of Documents or, Alternatively, for *In Camera* Inspection (Doc. #108) filed on October 29, 2010. The Defendant Philadelphia Indemnity Insurance Company filed its Response in Opposition (Doc. # 125) on November 12, 2010. On November 19, 2010, after a hearing before the undersigned, the Court entered an Endorsed Order (Doc. # 138) granting in part and denying in part the Plaintiff's Second Motion to Compel.

       The Court held that "[f]or the reasons stated on the record at the November 19, 2010 hearing, Plaintiff's request for production of unredacted documents is denied. Plaintiff's request for in camera review is granted. The Court will conduct an in camera review and rule in due course on whether certain unredacted documents shall be produced." (Doc. # 138). The Defendant was directed to produce a privilege log and the documents involved here for *in camera* inspection. After an *in*

*camera* review of the documents, the Parties respective memoranda of law, and the oral arguments from the hearing, the Court finds that some of the documents are due to be produced.

The Defendant objected that the documents were either protected trade secret information involving its reserves in this case or because of relevance. However, many of the Defendant's objections were made simply because the word reserve or reserves were used in a memo or letter. Without more, those objections are overruled. The Defendant's relevance objections are also overruled. The Court will determine what information is relevant in accord with Fed. R. Evid. 402.

Accordingly, it is now

**ORDERED:**

The Plaintiff DeSoto Health & Rehab, L.L.C.'s Second Motion to Compel Production of Documents or, Alternatively, for *In Camera* Inspection (Doc. #108) is **GRANTED as follows.**

(1) The Defendant Philadelphia Indemnity Insurance Company is hereby directed to produce the following CF Bates stamped documents:

CF-026, CF- 027, CF- 028, CF- 029, CF-030, CF-031-034, CF-057-058, CF-059-060, CF-091, CF-094, CF-096, CF-100, CF-102, CF-287, CF-337, CF-410, CF-435, CF-749-751, CF-754-757 (Redact Actual Reserve Figures), CF-758-759 (Redact Actual Reserve Figures) , CF-782 (Redact Actual Reserve Figures), CF-783, CF-787, CF-788, CF-813 (Redact Actual Reserve Figures), CF-856, CF-859-860, CF-861, CF-886-887, CF-952, CF-963-965, CF-971, CF-972, CF-974, and CF-1088.

(2) The Defendant Philadelphia Indemnity Insurance Company is hereby directed to produce the following CJW Bates stamped documents:

CJW-409.

(3)   All other documents produced at that time for *in camera* review are protected from discovery.

(4) The Defendant Philadelphia Indemnity Insurance Company has up to and including **January 7, 2010,** to produce the documents as detailed above.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of December, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record